IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH ESCOBAR,            )
                              )   2:11-cv-03423-GEB-EFB
            Plaintiff,        )
                              )
      v.                      )   ORDER TO SHOW CAUSE AND
                              )   CONTINUING STATUS (PRETRIAL
JP MORGAN CHASE BANK, and DOES)   SCHEDULING) CONFERENCE
1-20,                         )
                              )
            Defendants.*      )
_____)

The March 29, 2012 Order Continuing Status (Pretrial Scheduling) Conference scheduled a status conference in this case on June 25, 2012, and required the parties to file a further joint status report no later than fourteen (14) days prior to the scheduling conference. No joint status report was filed as ordered.

Therefore, Plaintiff and Defendant are Ordered to Show Cause ("OSC") in a writing to be filed no later than June 25, 2012, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether the parties or their counsel are at fault, and whether a hearing is

---

* The caption has been amended according to the April 30, 2012 Order of Dismissal (ECF No. 10), which dismissed Defendant Delinda Woltring.

requested on the OSC.[1] If a hearing is requested, it will be held on July 9, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated: June 19, 2012

```
_____
GARLAND E. BURRELL, JR.
United States District Judge
```

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).